**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **JERRY KEITH REED, JR.** | ) |
| | ) |
| **v.** | )   3-06-CV-2110-M |
| | ) |
| **UNITED STATES OF AMERICA** | ) |
| **FEDERAL DRUG ENFORCEMENT** | ) |
| **AGENCY** | ) |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

**FINDINGS AND CONCLUSIONS**:

**Type Case**: This is a civil action filed by a Federal inmate for return of seized property.

**Statement of the Case**: On April 21, 2001, $74,750.00 in United States currency was seized from Plaintiff and Tracy Stepney. After notice was sent to Plaintiff and to Mr. Stepney and after no properly executed claim for the subject currency was received, the money was administratively forfeited to the United States on January 15, 2002. Reed was not indicted or prosecuted for any criminal offense in the Northern District of Texas. He is currently serving a term of imprisonment imposed in the Western District of Texas for conspiracy to distribute and possess with intent to distribute "crack" cocaine. The court is not informed as to whether the conduct which occurred on April 21, 2001, in the Northern District of Texas was presented at his criminal trial. See Government's motion to dismiss at n. 4.

In response to the complaint the government filed its motion to dismiss and appendix and on March 16, 2007, the Plaintiff filed his opposition together with exhibits.

N       **Findings and Conclusions**: In response to Reed's complaint the government has moved for dismissal of the same on the basis that the court lacks jurisdiction because the administrative forfeiture of the seized currency has been completed.  See e.g. United States v. Schinnell, 80 F.3d 1064, 1069 (5th Cir. 1996).  However, as noted in the opinion, the court does have jurisdiction to determine whether the procedural requirements were complied with or whether the forfeiture comported with due process, citing Arreola-Ramos, 60 F.3d 188, 191 no. 13-14 (5th Cir. 1995).

Although the government seeks dismissal for want of jurisdiction pursuant to Rule 12(b)(1) and (6), the issues over which the court has jurisdiction, supra, are more appropriately addressed under Rule 56 in light of the additional materials submitted by the parties, i.e. Defendant's Appendix and Plaintiff's declaration executed on March 14, 2007, submitted with his opposition filed on March 16, 2007.  See United States v. Robinson, 434 F.3d 357 (5th Cir. 2005).

There is no dispute nor any genuine issue of fact regarding the fact that Reed received notice of the government's intention to proceed with administrative forfeiture of the currency seized on April 21, 2001, See Government's Appendix, Declaration of John Hieronymus at ¶ 4(b) and Exhibits 1 and 2.[1]  Exhibit 1 states in pertinent part: 'TO CONTEST THE FORFEITURE ... [Y]ou must file a claim with the Forfeiture Counsel of the DEA by **June 19, 2001** ...  The claim shall identify the specific property being claimed; state the claimant's interest in such property; and be made under

---

[1] Notices were also published in Wall Street Journal, Appendix at 23-25.

oath (Emphasis added), subject to penalty of perjury (Title 18 U.S.C., Section 983 (a)(2)(C).")[2] The notice further provided the address to which any properly filed claim was to be sent.

It is likewise undisputed that Reed obtained the services of an attorney, Arch C. McColl, III, Defendant's Appendix at 15, who in turn sent a letter dated May 21, 2001, with attachments to DEA's Forfeiture Counsel, Id. at 10-22. Shortly after receipt of McColl's letter and materials the DEA Asset Forfeiture Section returned the materials to him with a cover letter dated June 5, 2001, which reiterated the necessity of the oath requirement to a valid claim and which extended the time to file a claim for an additional twenty (20) days.  Id. at 26-27.  The returned materials were received at Mr. McColl's office on June 12, 2001. Id. at 40.

No properly executed claim was submitted by Reed.  On September 17, 2001, notice by certified mail to the other possible claimant, Tracy Stepney, was sent and was accepted on September 24, 2001. Id. at 41.42.  Due to the absence of any properly filed claim for the seized currency on January 15, 2002, it was administratively forfeited to the United States. Id. at 43. See also Report of Investigation at 45-50.

In his declaration executed on March 14, 2007, Reed states that in a meeting with Mr. McColl, after McColl's submission of materials to the forfeiture counsel, but prior to DEA's return of the materials, he and McColl "parted ways."  He argues that since McColl no longer was representing him when the Forfeiture Section's letter of June 5, 2001, was mailed to McColl that the DEA failed to properly notify him of the deficiency by mailing the letter to Reed.

---

[2]Although there is no particular requirement as to the form of a claim, the requirement that it be made under oath is self-evident since some form of interest in the property at issue is a necessary prerequisite to standing.  See e.g. Kadonsky v. United States, 216 F.3d 499, 508 (5th Cir. 2000).

In <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510 (1986), the Supreme Court made it clear that immaterial issues of fact are irrelevant to the question of whether a party was entitled to summary judgment. Specifically the Court stated: "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted."

As noted above, the only issue over which the court may exercise jurisdiction over a suit for return of seized property which was previously administratively forfeited is whether the notice provisions of the applicable statutes and regulations have been satisfied consistent with the requirement of due process. The undisputed evidence shows that these requirements were fully met. Reed has submitted no authority holding or even suggesting that a federal agency must give additional personal notice to a potential claimant, who was represented by counsel, but who discharged the attorney without any notice to the affected agency. Any suggestion that a responsible agency employee should somehow divine such a change of circumstances is ludicrous. Moreover, direct communication with a person by an agency attorney after having been made aware that the person was represented by counsel would raise, at minimum, significant ethical issues.

**RECOMMENDATION**:

For the foregoing reasons it is recommended that the District Court grant summary judgment in favor of the United States and enter judgment dismissing Plaintiff's claim with prejudice.

A copy of this recommendation shall be transmitted to Plaintiff and counsel for the

government.

SIGNED this 20th day of March, 2007.

*Wm. F. Sanderson, Jr.*
_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a de novo determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.